**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT MICKENS, | ) | 02-cv-1064 |
| | ) | |
| Petitioner, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL CLARK, SUPERINTENDENT, | ) | |
| and THE ATTORNEY GENERAL OF | ) | |
| THE COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION DENYING " '(INDEPENDENT ACTION)' PURSUANT TO RULE 60(b) FEDERAL R.CIV.P. 60(b)(6)(2)(d)"  (Doc. No. 20)

Before the Court is Petitioner Robert Mickens's " '(Independent Action)' Pursuant to Rule 60(b) Federal R.Civ.P. 60(b)(6)(2)(d)." (Doc. No. 20).  Because Mickens is proceeding *pro se*, the Court will construe Mickens's filing as a motion for reconsideration under Fed.R.Civ.P. 60(b) or, in the alternative, a motion for independent action for relief from judgment pursuant to Fed.R.Civ.P. 60(d).  For the reasons that follow, the motion will be denied.

**I.    Relevant Background**

Petitioner, Robert Mickens (Mickens), is not a stranger to this Court.  He filed his first petition for writ of habeas corpus in 2002, in which he challenged his 1995 conviction of first degree murder and sentence of life imprisonment.  Since that time, he has filed two additional habeas petitions in this Court, filed at Case Nos. 08-cv-0950 and 12-cv-1039, both of which were dismissed on the grounds that this Court lacked jurisdiction as both were unauthorized second or successive habeas petitions.  And in February of 2017, he filed a Rule 60(b) motion in Case No.

1

12-cv-1039, which the Court dismissed as an unauthorized second or successive petition as he was rehashing claims that he previously raised in his 2008 and 2012 petitions.  *See* Case No. 12-cv-1039, Doc. No. 18.  On September 1, 2017, the Court of Appeals for the Third Circuit denied Mickens's request for a certificate of appealability.  *Id.*, at Doc. No. 22.

On or about January 16, 2019, Mickens filed his fourth PCRA petition challenging his 1995 conviction.  On March 3, 2020, the Pennsylvania Supreme Court denied Mickens's petition for allowance of appeal.  (Doc. No. 20-1 at 5).  Having no success in state court, Mickens has returned to this Court again attempting to collaterally attack his 1995 state court convictions and judgment of sentence.

The underlying factual and procedural history of Mickens's habeas cases are set forth in opinions filed in Case Nos. 02-1064; 08-cv-950; and 12-cv-1039, copies of which are attached as Exhibit A and incorporated herein by reference.[1]  Additionally, on April 28, 2017, the Court denied Mickens's "Fed.R.Civ.P. 60(b)(6)(2)(3)(d) Motion from a Judgement (sic) or Order," filed at Civil No. 2:12-cv-1039, a copy of which is attached as Exhibit B and incorporated herein by reference.  Therefore, the Court need not restate the relevant background again in this Opinion.

## II.    Petitioner's Pending Motion

Mickens has now filed yet another motion challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Allegheny County on May 15, 1995.  The instant motion, filed by Mickens with this Court on August 27, 2020, is fashioned as an " 'Independent

---

[1]    The Report and Recommendation and Order adopting the Report and Recommendation filed in Case No. 02-cv-1064 are appended to the Report and Recommendation filed in Case No. 08-cv-0950.

Action' Pursuant to Rule 60(b) Federal R.Civ.P.60(b)(6)(2)(d)."[2]  He has altered his previous

arguments a bit by now arguing that the judge who presided over his criminal trial and PCRA

proceedings, Common Pleas Judge Donna Jo McDaniel, and all the attorneys appointed by Judge

McDaniel to represent Mickens acted together to "intentionally derail[] petitioner's appeals as

they eviscerated the petitioner's rights," Mot. at 41.[3]  Mickens contends that this Court "rendered

misapplication of the law due to the blatant government interference by former jurist Common

Pleas Judge Donna Jo McDaniel in the prejudicial misapplication of the Post-Conviction Relief

Statutes as she forced the petitioner out of a direct appeal utilizing the PCRA statute."  *Id*. at 5.

Because this is a federal habeas action, the Court must initially determine whether

Mickens's motion is actually an unauthorized second or successive petition or whether it is a true

Rule 60(b) motion.  In the habeas context, a motion labeled as a Rule 60(b) motion should be

treated as a second or successive petition if it "seeks to add a new ground for relief" from the

underlying conviction or "attacks the federal court's previous resolution of a claim on the merits."

*Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005).  Conversely, said motion properly is treated as a

Rule 60(b) motion when it "attacks, not the substance of a claim on the merits, but some defect in

the integrity of the federal habeas proceedings."  *Id*.; *see Pridgen v. Shannon*, 380 F.3d 721, 727

(3d Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b)

---

[2]      In the caption of his motion, Mickens lists all three of his habeas cases: 02-cv-1064; 08-cv-0950, and 12-cv-1039.  The Clerk of Court filed the motion at each of the three cases.  The three cases were thereafter consolidated with Case No. 02-cv-1064 being designated the lead case.

[3]      Mickens claims, *inter alia*, that Judge Donna Jo McDaniel dismissed his PCRA petition in retaliation for him lodging complaints against her for fraud upon the court with The Disciplinary Board of The Supreme Court of Pennsylvania, the Judicial Conduct Board, and the Office of the District of District Attorney, Allegheny County.  Mot. at 2; *see also* Doc. No. 20-1 at 74.

motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."). Mickens may not circumvent the rules of AEDPA by couching an unauthorized successive habeas petition as a motion under Rule 60(b).

## III.   Discussion

### A.   Federal Rule of Civil Procedure 60(b)

The Court finds that the claims raised by Mickens in the instant motion are classic successive petition claims because the factual predicate of his claims attacks his underlying state court conviction by raising a new ground for relief. *Gonzalez v. Crosby*, 545 U.S. at 530-31; *Pridgen*, 380 F.3d at 727. Accordingly, the Court holds that Mickens's motion should properly be treated as a second or successive § 2254 petition and not as a Rule 60(b) motion. As such, this Court lacks jurisdiction to consider it in the absence of prior authorization by the Court of Appeals for the Third Circuit.[4]

Alternatively, even if this Court were to construe Mickens's motion as a "true" Rule 60(b) motion, the motion would be denied as none of Mickens's arguments warrant relief under Rule 60(b).

### B.   Federal Rule of Civil Procedure 60(d)

To the extent Mickens's motion raises an independent action under Rule 60(d) and not a motion under Rule 60(b), he fares no better.[5] While the Supreme Court in *Gonzalez* stated that

---

[4]   This Opinion should not be read as a comment upon the merits of any claim that Mickens could raise in a habeas petition challenging his May 15, 1995, judgment of sentence, or whether such a petition would be subject to dismissal on other grounds.

[5]   The Court of Appeals for the Third Circuit has stated, in describing a fraud on the court action: "Initially, we must be clear that we are not here reviewing a Rule 60(b) motion . . . . It

4

fraud on the court "is one example of . . . a defect" in federal habeas proceedings, it specifically referred to "<u>fraud on the federal habeas court.</u>"  545 U.S. at 532, n.5 (emphasis added).

To prevail on a claim of fraud on the court, the movant must demonstrate by clear and convincing evidence the following four elements: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court.  *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005).  The Court finds that Mickens has presented no evidence that any fraud has been perpetuated against <u>this</u> Court.   The alleged fraudulent conduct of which Mickens complains would have been perpetrated against the state court, not the federal court.  Further, even if the Court views Mickens's argument to be that the alleged fraudulent conduct of the state court judge and Mickens's court-appointed attorneys during his state court proceedings tainted this Court's assessment of his federal habeas petition, such argument is without merit because fraud on the court requires proof that the fraudulent conduct was willfully directed to the court that was deceived.  Mickens's Rule 60(d) motion is simply an attack on the state court's judgment of conviction and should properly be considered a second or successive habeas petition.  The motion for an independent action for relief from judgment pursuant to Fed.R.Civ.P. 60(d) will be denied.

**V.     Conclusion**

For the foregoing reasons, Mickens's pending motion will be dismissed without prejudice. Reasonable jurists would all agree that Mickens has not even attempted to show that he obtained leave from the United States Court of Appeals for the Third Circuit to file the instant second-or-

---

follows that an independent action alleging fraud upon the court is completely distinct from a motion under Rule 60(b)."  *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005) (internal citations omitted).

successive habeas corpus petition. Reasonable jurists would also agree that this Court lacks

jurisdiction and authority to consider the successive habeas petition without proof of such leave.

Because jurists of reason would not find debatable the Court's disposition of Mickens's motion –

whether construed in whole or in part as a second or second successive habeas petition or a true

Rule 60(b) motion – a certificate of appealability will be denied.  28 U.S.C. § 2253; *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).

     An appropriate Order will issue.


                            s/Arthur J. Schwab          
                            Arthur J. Schwab
                            United States District Judge

Dated:  September 14, 2020

cc:      Robert Mickens
         CT-7015
         SCI Albion
         10745 Route 18
         Albion, PA 16475-0002
         (via U.S. First Class Mail)

         Ronald M. Wabby , Jr.
         Office of the District Attorney
         (via ECF electronic notification)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MICKENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:08-cv-0950 |
| | ) Judge Arthur J. Schwab |
| D. S. CHAMBERLAIN, | ) Magistrate Judge Amy Reynolds Hay |
| SUPERINTENDENT; STEVEN | ) |
| ZAPPALA, JR.; and THE ATTORNEY | ) |
| GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the habeas petition filed pursuant to 28 U.S.C. § 2254

be dismissed pre-service pursuant to Rule 4 because it is second or successive and, hence, the

District Court lacks jurisdiction over it.

### REPORT

Robert Mickens ("Petitioner") is a state prisoner who was convicted of first degree murder

in the 1994 shooting death of John Williams. Petitioner has filed the instant federal habeas corpus

petition pursuant to 28 U.S.C. § 2254. He frames the issues as follows:

PROSECUTORIAL MISCONDUCT/WITHHOLDING EVIDENCE
BRADY VIOLATION/GOVERNMENT INTERFERENCE CONCEALING
ALTERING EVIDENCE/DUE PROCESS VIOLATION /NEWLY DISCOVERED

I. THE PROSECUTOR DID COMMIT MISCONDUCT
GOVERNMENT INTERFERENCE IN HIDING/ALTERIGN [sic]
REQUESTED EVIDENCE. DECEASED CRIMINAL RECORDS.
VIOLATING DUE PROCESS.

II. PROSECUTOR DID VIOLATE BRADY WITHHOLDING
EVIDENCE FAVORABLE TO DEFENSE, CRIMINAL RECORD
OF PROSECUTION'S WITNESS /THERESA SOMERVILLE.

Dkt. [4] at ¶ 13, pp. 4 to 5.

### Applicable Legal Standards

Rule 4 of the Rules governing Section 2254 cases and hence, the instant petition, provides

in relevant part that

> the judge must promptly examine it [i.e., the Section 2254 petition]. If it plainly
> appears from the petition and any attached exhibits that the petitioner is not entitled
> to relief in the district court, the judge must dismiss the petition and direct the clerk
> to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to
> show cause issued, "unless it appears from the application that the applicant or
> person detained is not entitled thereto." Such consideration, may properly
> encompass any exhibits attached to the petition, including, but not limited to,
> transcripts, sentencing records, and copies of state court opinions. The judge may
> order any of these items for his consideration if they are not yet included with the
> petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial

notice of those state court records and/or state court opinions as well as its own court records.

See, e.g., Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8,

2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court

records of which this Court can take judicial notice, the court determines that this is a successive

petition. . . ."); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1

(N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the

opinion of the Illinois Appellate Court in this case."). Accordingly, in deciding this petition, this

2

court takes judicial notice of the record in <u>Mickens v. Johnson</u>, No. 02-1064 (W.D. Pa.).

### Discussion

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I,

§101 (1996) (AEDPA), which amended the standards for reviewing state court judgments in

federal habeas petitions filed under 28 U.S.C. § 2254, was effective April 24, 1996. Because

Petitioner's habeas petition was filed after AEDPA's effective date, AEDPA is applicable to this

case. <u>Werts v. Vaughn</u>, 228 F.3d 178, 195 (3d Cir. 2000).

In AEDPA, Congress enacted strictures on the filing of second or successive habeas

petitions in response to the abuse of the habeas writ by prisoners. <u>See</u> <u>Chambers v. United States</u>,

106 F.3d 472, 475 (2d Cir. 1997)("The purpose of the gatekeeping restrictions was to prevent

abuse of the habeas writ."); <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998)(finding gatekeeping

provision "was enacted primarily to preclude prisoners from repeatedly attacking the validity of

their convictions and sentences"). Congress provided that "[b]efore a second or successive

application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application."

28 U.S.C. § 2244(b)(3)(A).

The allocation of gatekeeping responsibilities to the Court of Appeals provided by Section

2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over

habeas petitions that are second or successive within the meaning of that subsection. <u>See</u>, <u>e.g.</u>,

<u>Robinson v. Johnson</u>, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it

[i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of

subject-matter jurisdiction to the court of appeals."), <u>cert</u>. <u>denied</u>, 540 U.S. 826 (2003). Where a

3

prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. See, e.g., In re Cain, 137 F.3d at 235 ("Thus, a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."); James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002)("a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition.").

In his instant petition, Petitioner is challenging the very same convictions that he challenged in Mickens v. Johnson, No. 02-1064 (W.D. Pa. filed 6/13/2002) (hereinafter "the 2002 petition"). Compare Dkt. [4] at 2, ¶¶ 1 to 5 with Mickens v. Johnson, No. 02-1064 (W.D. Pa. Dkt. [1] at 3, ¶¶ 1 to 5 ).[1]  In a Report and Recommendation filed October 6, 2003,  it was recommended that the 2002 petition be denied because Petitioner failed to show that the State Courts' adjudication of his claims was contrary to or an unreasonable application of then-extant United States Supreme Court precedent.  Id. at Dkt. [13].[2]  Over Petitioner's objections, the District Court adopted the Report and Recommendation, which addressed the 2002 petition, and denied the petition on the merits.  Id., at Dkt. [17].  The Court of Appeals denied a certificate of appealability in July 2004.  Id., at Dkt. [19].

---

[1] A copy of page 3 of the 2002 petition is attached hereto as Exhibit A.

[2] A copy of that Report recommending denial of the 2002 petition is attached hereto as Exhibit B.

4

The Petitioner seeks to raise new issues here that were not raised in the 2002 Petition.[3]

However, as noted, given that the Court adjudicated the 2002 petition "on the merits," the present

petition is thus second or successive with respect to his convictions. As such, prior to bringing the

instant habeas petition, Petitioner must seek permission from the Court of Appeals to do so. 28

U.S.C. § 2244(b)(3).[4] Petitioner does not contend that he has done so. Moreover, a review of the

computerized dockets of the Third Circuit Court of Appeals[5] does not reveal that Petitioner has

---

[3] Whereas 28 U.S.C. § 2244(b)(1) absolutely bars a petitioner from relitigating in a second or successive petition those claims presented in a prior application, a petitioner is only provisionally barred from litigating a *new* claim. 28 U.S.C. § 2244(b)(2) provides that

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[4] 28 U.S.C. § 2244(b)(3) provides

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

[5] This Court may take judicial notice of those dockets. Normand v. McAninch, 210 F.3d 372 (Table), 2000 WL 377348, at *1 n.1 (6th Cir. 2000) ("Although Petitioner did not introduce the docket sheet as evidence, we note that we may take judicial notice of proceedings in other courts of record.");

obtained that court's permission.  Accordingly, the present petition should be dismissed for lack of subject matter jurisdiction.

### Certificate of Appealability

A certificate of appealability (COA) should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).  In Slack v. McDaniel, the Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. at 478.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Id. at 484-85.  The test is conjunctive and both prongs must be met.  See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, this Court concludes that jurists of reason would not find it debatable whether dismissal of the petition for being second or successive was correct. Accordingly, a certificate of appealability should be denied.  Because of this conclusion, the Court

---

Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001).

does not need to reach the other prong of the <u>Slack v. McDaniel</u> test, i.e., whether petitioner has made a substantial showing of a denial of a constitutional right.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections by September 8, 2008 and responses are due seven (7) days thereafter in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

<u>/s/  Amy Reynolds Hay</u>
United States Magistrate Judge

Dated: 20 August, 2008

cc:   The Honorable Arthur J. Schwab
      United States District Judge

      Robert Mickens
      CT-7015
      SCI Pittsburgh
      P.O. Box 99901
      Pittsburgh, PA 15233

7

EXHIBIT A

The only exception to this rule is where it would be futile to raise the issues in these courts.

## PETITION

1. Name and location of court which entered the judgment under attack: COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

2. Criminal Docket Number CC NO. 9415959; 9502554

3. Date of imposition of sentence MAY 15, 1995

4. Length of Sentence LIFE

5. Nature of offense or offenses for which you were convicted: FIRST DEGREE MURDER, CRIMINAL CONSPIRACY: FIREARM NOT TO BE CARRIED WITHOUT A LICENSE

6. What was your plea? (Check one)  Not Guilty (X)  Guilty ( )  Nolo Contendere ( )

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N/A

7. If you were found guilty after a plea of not guilty, check whether finding was made by:  Jury (XX)  Judge only ( )

8. Did you testify at the trial?  Yes (XX)  No ( )

9. Did you appeal from the judgment of conviction?  Yes (XX)  No ( )

10. If you did appeal, answer the following:

    (a)  First Appeal
         (1)  Name of Court  SUPERIOR COURT OF PENNSYLVANIA
         (2)  Docket Number  1961 PITTSBURGH 1995
         (3)  Result  JUDGMENT OF SENTENCE AFFIRMED          Date 7/22/98
         (4)  Citation (If known)

    (b)  Second Appeal      N/A
         (1)  Name of Court
         (2)  Docket Number
         (3)  Result                                         Date
         (4)  Citation (if known)

    (c)  If you filed a petition for certiorari in the United States Supreme Court, give details:
         _____ N/A _____

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MICKENS,               )
        Petitioner,           )
                              )
        v.                    )    Civil Action No. 02-1064
                              )    Judge Schwab/
SUPERINTENDENT PHILIP JOHNSON,)    Magistrate Judge Hay
        Respondent.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of
Habeas Corpus be denied and that a certificate of appealability
be denied.

**II.   REPORT**

Petitioner, Robert Mickens, a state prisoner presently
incarcerated at the State Correctional Institution at Pittsburgh,
Pennsylvania, has filed a Petition for Writ of Habeas Corpus
pursuant to 28 U.S.C. § 2254, wherein he raises the following
claims for relief.

> 1.  Petitioner did not knowingly and intelligently testify
>     on his own behalf at trial where trial counsel was
>     ineffective for failing to inform Petitioner of the
>     possible consequences of testifying.
>
> 2.  Trial counsel was ineffective for failing to
>     introduce the deceased's record of violent arrests
>     for violent acts and reputation for violence and
>     request that the jury be instructed to consider
>     the impact of the deceased's reputation and
>     propensity for violence when evaluating the
>     reasonableness of defense of self-defense.

## A.  Relevant Procedural History

The relevant facts, as set forth in the Opinion of the Court of Common Pleas dated March 19, 2001, are as follows:

> The instant charges arose out of a shooting which occurred in the evening hours of November 3, 1994, in the Beltzhoover section of the City of Pittsburgh.  The victim, John Williams, was found dead at the home of Laydell Cabbagestalk.  He had been shot once.  It was later determined that the shooting was the culmination of a series of events that occurred in the few days prior to the shooting.  Several days before the shooting the defendant herein, Robert Mickens, gave Laydell Cabbagestalk his gun for her to hold.  Mrs. Cabbagestalk placed the gun in an upstairs closet.  Later, at the urging of the victim, Mrs. Cabbagestalk's grandson, Bruce Cabbagestalk, removed the gun from its hiding place and gave it to the victim, John Williams.  When the defendant returned for his gun and found out it had been stolen from its hiding place, he became irate.  On several occasions he made threats to anyone present in the house.  These threats included physical violence and death.  Ultimately, on the evening of the shooting, a confrontation occurred in the kitchen of the Cabbagestalk home.  The defendant brought his brother and co-defendant, Otis Campbell to the Cabbagestalk resident to confront the victim.  A verbal disagreement occurred which resulted in a call being placed to Bruce Cabbagestalk who had fled to a relative's home in Monroeville in fear for his life. While on the phone, Bruce confirmed that he had taken the gun and given it to the victim. Before the phone conversation even ended, Bruce heard a single shot.  Otis Campbell had shot the victim, John Williams, killing him instantly.

PCRA Ct. Op., pp.2-3 (Commw. Ex. 37).

2

On May 11, 1995, following a jury trial held in the Court of Common Pleas in Allegheny County, Petitioner was found guilty of first degree murder, criminal conspiracy, and violation of the Uniform Firearms Act.  May 15, 1995, Petitioner was sentenced to the mandatory life sentence without parole for the first degree murder conviction; he received no further penalties for the remaining convictions.  (Dkt. No. 8, Ex. 18).  Petitioner filed a timely appeal and on May 14, 1997, the trial court issued its opinion denying the merits of Petitioner's points on appeal.  (Id.).  The Superior Court affirmed the decision of the trial court on July 2, 1998.  (Id. at Ex. 22).  Petitioner did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania.

On January 4, 1999, Petitioner, filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546.  (Id. at Ex. 23).  On April 26, 2000, Petitioner, through appointed counsel, filed an amended PCRA petition wherein he raised the same claims he is raising in his federal habeas corpus petition.  (Id. at Ex. 31).  On October 10, 2000, the PCRA Court dismissed Petitioner's PCRA petition.  (Id. at Ex. 33).  Petitioner filed a timely notice of appeal and on October 30, 2001 the Superior Court affirmed the decision of the PCRA Court dismissing Petitioner's PCRA petition.  (Id. at Ex. 39).  Petitioner's petition for allowance of appeal was

3

nied by the Supreme Court of Pennsylvania on March 28, 2002.
(Id. at Ex. 40).

## B. Standard of Review

Section 2254 of the federal habeas corpus statute provides
the standard of review for federal court review of state court
criminal determinations. 28 U.S.C. § 2254. Specifically, a
federal court must accord a presumption of correctness to a state
court's factual findings, which a petitioner can rebut only by
clear and convincing evidence. 28 U.S.C. § 2254(e). Where a
state court's factual findings are not made explicit, a federal
court's "duty is to begin with the [state] court's legal
conclusion and reason backward to the factual premises that, as a
matter of reason and logic, must have undergirded it." Campbell
v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000). In determining what
implicit factual findings a state court made in reaching a
conclusion, a federal court must infer that the state court
applied federal law correctly. Id. (citing Marshall v.
Lonberger, 459 U.S. 422, 433 (1982)).

A federal court may not issue the writ unless it concludes
that the state court's adjudication resulted in a decision that
was "contrary to," or an "unreasonable application of," clearly
established federal law as determined by the Supreme Court of the
United States. 28 U.S.C. § 2254(d)(1). In Williams v. Taylor,
529 U.S. 362 (2000), Justice O'Connor, writing the opinion of the
Court for Part II, discussed the independent meanings of the

4

"contrary to" and "unreasonable application" clauses contained within section 2254(d)(1).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 411-13.  See also Lockyer v. Andrade, 123 S.Ct. 1166 (2003).

The Supreme Court further clarified that a federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.  Williams, 529 U.S. at 409.  "Under §2254(d)(1)'s unreasonable application clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.  These standards apply to mixed questions of fact and law, such as whether trial counsel provided

5

effective assistance of counsel.  <u>Werts v. Vaughn</u>, 228 F.3d 178,

204 (3d Cir. 2000), <u>cert.</u> <u>denied</u>, 121 S.Ct. 1621 (2001).

In the instant action, Petitioner presented his federal

habeas claims in his PCRA proceeding wherein he raised his claims

to all three levels of review in the Pennsylvania state courts.

Consequently, Petitioner has exhausted his claims and this court

will proceed to review the merits in accordance with the

standards set forth above.

### C.   Ineffective Assistance of Counsel

In order to circumvent the waiver provisions under

Pennsylvania law, Petitioner necessarily layered his claims as

ineffective assistance of counsel claims.[1]  The Sixth Amendment

---

[1]   In Pennsylvania, an appellant must pursue <u>all</u> available
claims in his direct appeal; the failure to raise any issue that
could have been raised on direct appeal results in waiver.
<u>Commonwealth v. Christy</u>, 656 A.2d 877 (Pa. 1995).  This waiver
applies even if a first time post-conviction petitioner fails to
obtain direct appellate review of the conviction, <u>Commonwealth v.
Stark</u>, 658 A.2d 816 (Pa. Super. Ct. 1995), and precludes
petitioners from raising constitutional claims for the first time
in post-conviction proceedings if such issues could have been
raised on direct appeal.  <u>Commonwealth v. Royster</u>, 572 A.2d 683,
686 (Pa. 1990).  A post-conviction petitioner can overcome the
waiver only if he or she demonstrates the existence of
extraordinary circumstances sufficient to justify exception to
the waiver rule.  <u>Commonwealth v. Fox</u>, 383 A.2d 199 (Pa. 1978).
On direct review, Petitioner did not raise the claims he is
raising in his federal petition.  Consequently, he waived these
claims under Pennsylvania law.  Notwithstanding, Petitioner was
able to raise these claims in his PCRA petition because he raised
them as ineffective assistance of counsel claims.  In this
regard, Pennsylvania law recognizes exceptions to the bar of
waiver for claims of ineffective assistance of trial counsel that
are raised for the first time at the earliest opportunity
petitioner is no longer represented by such counsel.  <u>See</u>, <u>e.g.</u>,
<u>Commonwealth v. Griffin</u>, 644 A.2d. 1167, 1170 (Pa. 1994).

right to counsel exists "in order to protect the fundamental

right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368

(1993) (quoting Strickland v. Washington, 466 U.S. 668, 684

(1984)).

> Thus the right to the effective
> assistance of counsel is recognized not
> for its own sake, but because of the
> effect it has on the ability of the
> accused to receive a fair trial.  Absent
> some effect of challenged conduct on the
> re-liability of the trial process, the
> Sixth Amendment guarantee is generally
> not implicated.

Fretwell, 506 U.S. at 369 (citing United States v. Cronic, 466

U.S. 648, 658 (1984)).  See also Kimmelman v. Morrison, 477 U.S.

365, 374 (1986) (the essence of a claim alleging ineffective as-

sistance is whether counsel's unprofessional errors so upset the

adversarial balance between defense and prosecution that the

trial was rendered unfair and the verdict rendered suspect).

The Supreme Court has formulated a two-part test for

determining whether counsel rendered constitutionally ineffective

assistance:  1) counsel's performance was unreasonable; and 2)

counsel's unreasonable performance actually prejudiced the de-

fense.  Strickland, 466 U.S. at 687.  To determine whether

counsel performed below the level expected from a reasonably

competent attorney, it is necessary to judge counsel's challenged

conduct on the facts of the particular case, viewed at the time

of counsel's conduct.  Strickland, 466 U.S. at 690.  A petitioner

7

who claims that he or she was denied effective assistance of counsel carries the burden of proof.  <u>Cronic</u>, 466 U.S. at 658.

The first prong of the <u>Strickland</u> test requires a defendant to establish that his attorney's representation fell below an objective standard of reasonableness by committing errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.  <u>Strickland</u>, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the totality of the circumstances, the challenged action "might be considered sound trial strategy."  <u>Id.</u> at 689. The question is not whether the defense was free from errors of judgement, but whether counsel exercised the customary skill and knowledge that normally prevailed at the time and place.  <u>Id.</u>

The second prong requires a defendant to demonstrate that counsel's errors deprived him of a fair trial and the result was unfair or unreliable.  <u>Strickland</u>, 466 U.S. at 689.  Unfairness or unreliability does not result unless counsel's ineffectiveness deprives the defendant of a substantive or procedural right to which the law entitles him.  <u>Fretwell</u>, 506 U.S. at 372.  To prove prejudice, a defendant must show that there is a reasonable probability that, <u>but for</u> counsel's unprofessional errors, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694 (emphasis added).  A reasonable probability is

8

one which is sufficient to undermine confidence in the outcome.
Id.

### 1.   Failure to Advise Petitioner of the Consequences of Testifying

Petitioner first claims that he did not knowingly and intelligently testify on his own behalf at trial where trial counsel was ineffective for failing to inform him of the possible consequences of testifying.  Specifically, he claims that trial counsel failed to inform him that by taking the stand and testifying, it opened the door for the Commonwealth to introduce his prior inconsistent statements.  In this regard, Petitioner claims that he testified at trial that the deceased was the aggressor and Otis Campbell shot the victim accidentally.  On rebuttal, the Commonwealth introduced Petitioner's prior inconsistent statement wherein he told police that he was not even in the same room when the shooting occurred.  Petitioner claims that he was only aware that certain past crimes might be admissible if he testified.

In this regard, every criminal defendant has a fundamental constitutional right to testify in his own defense, or to refuse to do so; this right is personal to the defendant and cannot be waived either by the trial court or by defense counsel.  See, e.g., Rock v. Arkansas, 483 U.S. 44, 51 (1987); Harris v. New York, 401 U.S. 222, 225 (1971).  Notwithstanding, trial counsel, not the court, has the primary responsibility for advising the

9

defendant of his right to testify and for explaining the tactical implications of doing so or not.  See, e.g., United States v. Leggett, 162 F.3d 237, 246 (3d Cir. 1998), cert. denied, (1999); United States v. Pennycooke, 65 F.3d 9 (3d Cir. 1995).  The defendant can then make the choice of taking the stand or, upon the advice of competent counsel, knowingly and voluntarily waive his right to testify.  Id.

In its review of this claim, the PCRA Court noted that, because no evidentiary hearing had been held concerning counsel's ineffectiveness, it could not address the initial question of whether or not Petitioner's trial counsel did in fact inform him of the potential consequence of opening the door for the Commonwealth to introduce prior inconsistent statements. Notwithstanding, the court found not believable Petitioner's averment that he would not have testified had he been advised of this consequence because his sole defense was justification and he was the only person who could have established his justification defense and he did not present any other witnesses to support his justification defense.  Thus, the Court concluded that Petitioner's testimony was essential to his defense to the extent that, had he not testified, he would have had no defense. The Court further held that Petitioner had failed to establish prejudice in that he failed to demonstrate how, by not testifying, he would have been any better off given that he was the only person able to establish the elements of his defense and

10

no other witnesses were called to testify on his behalf that were
present at the time of the shooting.

In its review of the PCRA Court's disposition of
Petitioner's first claim, the Superior Court first concluded that
Petitioner had failed to support the factual basis for his claim
in accordance with the Pennsylvania Rules of Criminal Procedure
because he had failed to attach an affidavit from his trial
counsel indicating that he had failed to adequately inform
Petitioner regarding his right to testify on his own behalf as
well as the ramifications of either testifying or not testifying.
Notwithstanding this evidentiary default, the Superior Court
further concluded that the PCRA Court had properly reviewed the
merits of the claim and, if the Court were to address the merits,
it would affirm on the basis of the PCRA Court opinion on this
issue.

Petitioner has the burden of proving that he is entitled to
federal habeas corpus relief.  In order to be eligible for
relief, Petitioner is required to demonstrate that the state
court determinations with regard to his claim are contrary to, or
involved an unreasonable application of, clearly established
Federal law or were based on an unreasonable determination of the
facts in light of the evidence presented in the State court
proceedings.  To this end, Petitioner has failed to present any
evidence to support his averment that his trial counsel failed to
adequately inform him of the consequences of testifying in his

11

own behalf.  In addition, other than his self-serving statement, he has failed to demonstrate that, had he been adequately informed of the consequences, he would have elected not to testify.  Most importantly, however, he has failed to demonstrate that, had he not testified during trial, there is a reasonable probability that the outcome of his proceeding would have been different.  Therefore, Petitioner has not demonstrated that he is entitled to habeas corpus relief on the basis that his trial counsel rendered ineffective assistance by allegedly failing to advise him of the consequences of his election to testify in support of his defense during his trial.

2.   <u>Failure to Introduce the Victim's Propensity for Violence</u>

Petitioner's second claim is that his trial counsel was ineffective for failing to introduce evidence concerning the victim's propensity for violence, his arrest record for violent acts, and his reputation for violence.  He further claims that his trial counsel should have requested a jury instruction to consider the impact of the deceased's reputation and propensity for violence when evaluating the reasonableness of his defense of justification/self-defense.  In its review of this claim, the Superior Court found that the trial transcript demonstrated that the jury was amply apprised of the fact that the victim was a dangerous man who always carried a handgun and that he possessed a handgun on the day of the shooting.  In addition, the Superior

12

Court noted that the record disclosed that the jury was fully informed concerning the victim's membership in a street gang that was noted for violence.  Consequently, the Superior Court concluded that Petitioner had not shown that his counsel was ineffective by failing to introduce cumulative evidence concerning the violent tendencies of the victim.  In other words, the Superior Court concluded that Petitioner had not demonstrated that, but for trial counsel's failure to have introduced additional evidence of the victim's violent propensities, the outcome of his proceeding would have been different.  Petitioner has not demonstrated that this determination is contrary to, or an unreasonable determination of, clearly established constitutional or federal law.  See Burris v. Parke, 948 F. Supp. 1310 (N.D. Ind.1996) (holding that trial counsel's failure to investigate and introduce evidence at state court capital sentencing phase that defendant was sexually abused as child did not constitute ineffective assistance of counsel since that testimony would have been cumulative to testimony of other witnesses), aff'd, 116 F.3d 256 (7th Cir.), cert. denied, 522 U.S. 990 (1997).  Consequently, Petitioner has not demonstrated that he is entitled to relief with respect to this claim.

### 3.   Jury Instructions

Petitioner's final claim is that his trial counsel should have requested a jury instruction to consider the impact of the deceased's reputation and propensity for violence when evaluating

13

the reasonableness of his defense of justification/self-defense.
This Court initially notes that jury instructions are matters of
state law. Although the Supreme Court has recognized that "a
defendant is entitled to an instruction as to any recognized
defense for which there exists evidence sufficient for a
reasonable jury to find in his favor," Mathews v. United States,
485 U.S. 58, 63 (1988), "the burden of demonstrating that an
erroneous instruction was so prejudicial that it will support a
collateral attack on the constitutional validity of a state
court's judgment is even greater than the showing required to
establish plain error on direct appeal." Henderson v. Kibbe, 431
U.S. 145, 154 (1977) (emphasis added). Thus, before a federal
court may grant federal habeas corpus relief with respect to a
state court conviction, "it must be established not merely that
the instruction is undesirable, erroneous, or even universally
condemned, but that it violated some right which was guaranteed
to the defendant by the Fourteenth Amendment. Id. (quoting Cupp
v. Naughten, 414 U.S. 141, 146-47 (1973) (citation omitted)).
Even erroneous instructions do not warrant federal habeas relief
unless a petitioner demonstrates that the instructions so
infected the trial that the resulting conviction violated due
process. Estelle v. McGuire, 502 U.S. 62, 72 (1991).
Furthermore, a petitioner raising the omission of an instruction
as error has a heavy burden because an omission, or an incomplete
instruction, is less likely to be prejudicial than a misstatement

14

of the law. <u>Henderson v. Kibbe</u>, 431 U.S. at 155. In weighing the prejudice from an allegedly improper charge, the instruction may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial record. <u>Estelle</u>, 502 U.S. 72; <u>Flamer v. Delaware</u>, 68 F.3d 736, 736 (3d Cir. 1995), <u>cert. denied</u>, 464 U.S. 865 (1996).

In its opinion, the Superior Court noted that the trial court had properly instructed the jury as to all of the elements of both self-defense and justification; however, it had not explicitly instructed the jury that the mental state of the defendant and his co-defendant was a relevant consideration in determining the reasonableness of their fear of the victim and their determination that it was necessary to defend themselves against the victim. Notwithstanding, the Superior Court concluded that, in accordance with Pennsylvania law, it is not necessary in every case in which the claim of self-defense is raised that the jury be instructed to consider the defendant's knowledge of the victim's prior violent acts or violent reputation in evaluating the reasonableness of the defendant's belief that it was necessary to use deadly force; rather, the court must consider the factual circumstances in which the claim of self-defense arises in determining whether the instruction should be given. Sup. Ct. Op. at 10 (<u>citing</u> <u>Commonwealth v. Watley</u>, 548 Pa. 574, 586, 699 A.2d 1240, 1245 (1997)).

15

Employing this standard, the Superior Court concluded as follows.

> As discussed above, in the present case, the jury was apprised fully as to the victim's past history for violence, the fact that he was armed, and that both Appellant and his co-defendant knew he was armed. Testimony clearly indicated that the victim had issued death threats against Appellant shortly before the shooting occurred. Additionally, more than one witness indicated that the victim kept his weapon in his pocket. According to both Appellant and his co-defendant, the event that precipitated the shooting was the victim's act of putting his hand in his pocket. The reasonableness of a person's fear of imminent death or serious bodily injury when confronted with such a situation is obvious enough that it does not require further explanation by the trial court.
>
> We have reviewed carefully the trial court's instruction on self-defense and justification as this relates to the evidence produced at Appellant's trial. We find that the trial judge accurately and adequately explained the law to the jury, and we conclude that trial counsel was not ineffective for failing to request additional instructions. The mere fact that a defendant may believe that further explanation would have been beneficial does not render a charge defective.
>
> In determining whether counsel's action or inaction was reasonable, the question is not whether other, more reasonable courses of action existed which counsel could have pursued. The proper question is whether counsel's decisions had any reasonable basis. We have already concluded that the trial court's instruction was adequate and that a specific charge was unnecessary concerning the reasonableness of Appellant's fear when confronted by an armed person of violent reputation who had issued a death threat

16

> against him.  Because there was no need to
> request the additional instruction concerning
> the reasonableness of Appellant's alleged
> fear, we cannot find trial counsel
> ineffective on this basis.

Sup. Ct. Op. at p.11 (internal citations omitted).

This Court has not discovered any federal law that requires
a trial court to instruct the jury that they must consider the
defendant's knowledge of the victim's prior violent acts in order
to properly evaluate a defense of justification or self-defenses.
Thus, Petitioner's jury instruction claim implicates only state
law issues.  Moreover, Petitioner has not demonstrated that there
is a reasonable probability that the outcome of the proceeding
would have been different had additional jury instructions been
given.  Nor has he demonstrated that the Superior Court's
determination of this claim was contrary to, or an unreasonable
application of, clearly established federal or constitutional
law.  See, e.g., Sloan v. Gramley, 215 F.3d 1330 (Table), 2000 WL
536164 (7th Cir. May 1, 2000) (holding that the petitioner was
not entitled to habeas corpus relief because he failed to show
that a reasonable jury would have accepted his self-defense
testimony); Weighall v. Middle, 215 F.3d 1058 (9th Cir. 2000)
(holding that the state court's application of  federal law in
rejecting defendant's ineffective assistance of counsel claim for
failure to request self-defense instructions was not clearly
erroneous and thus not unreasonable and did not support federal
habeas relief); United States ex rel. Jones v. Barnett, 1996 WL

17

400016 (N.D. Ill. July 15, 1996) (holding that even if it were unreasonable for counsel to have failed to request the instruction, the trial court proceedings were not prejudiced so as to deprive the defendant of a fair trial).  Consequently, Petitioner has failed to demonstrate that he is entitled to habeas corpus relief on the basis of the failure of his trial counsel to request additional jury instructions advising the jury that they must consider the defendant's knowledge of the victim's prior violent acts to properly evaluate the reasonableness of the defendant's belief that it was necessary to use deadly force. Cf. Calderon v. Coleman, 525 U.S. 141 (1998) (a federal court may grant habeas relief based on an erroneous jury instruction only when such error, in the whole context of the particular case, had a substantial and injurious effect or influence on the jury's verdict).

### D.    Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 included several major reforms to the federal habeas corpus laws. Section 102 of the Act (28 U.S.C. § 2253(c) (as amended)) codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  In the case at bar, Petitioner has not

18

made any showing that he has been denied any of his constitutional rights.  Accordingly, a certificate of appealability should be denied.

## III. **CONCLUSION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

AMY REYNOLDS HAY
United States Magistrate Judge

Dated: October 6, 2003

cc:  Hon. Arthur J. Schwab

Robert Mickens, CT-7015
State Correctional Institution at Pittsburgh
P.O. Box 99901
3001 Beaver Avenue
Pittsburgh, PA 15233

Ronald M. Wabby, Jr., Assistant District Attorney
District Attorney's Office of Allegheny County

19

401 Allegheny County Courthouse
Pittsburgh, PA 15219

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MICKENS,                    )
                                   )
            Petitioner,            )
                                   )
    vs.                            )        Case No. 2:08-cv-0950
                                   )        Judge Arthur J. Schwab
D. S. CHAMBERLAIN,                 )        Magistrate Judge Amy Reynolds Hay
SUPERINTENDENT;  STEVEN            )
ZAPPALA, JR.; and THE ATTORNEY     )
GENERAL OF THE STATE OF            )
PENNSYLVANIA,                      )
                                   )
            Respondents.           )

## ORDER

AND NOW, this *17th* day of *September*, 2008, after the Petitioner,

Robert Mickens, filed an action in the above-captioned case,  and after a Report and

Recommendation was filed by the United States Magistrate Judge giving the petitioner until

September 8, 2008  to file written objections thereto, and petitioner having filed objections to the

report and recommendation on September 3, 2008 which are without merit, and upon

independent review of the record, and upon consideration of the Magistrate Judge's Report and

Recommendation, which is adopted as the opinion of this Court,

            IT IS HEREBY ORDERED that habeas petition filed pursuant to 28 U.S.C. §

2254 is dismissed pre-service pursuant to Rule 4 because it is second or successive and, hence,

the District Court lacks jurisdiction over it.

            IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules

of Appellate Procedure, if the parties desire to appeal from this Order they must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed.R.App.P.

ARTHUR J. SCHWAB
United States District Judge

cc:   Honorable Amy Reynolds Hay
      United States Magistrate Judge

      Robert Mickens
      CT-7015
      SCI Pittsburgh
      P.O. Box 99901
      Pittsburgh, PA 15233

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MICKENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:12-cv-1039 |
| | ) |
| MICHAEL W. HARLOW; | ) Magistrate Judge Cynthia Reed Eddy |
| SUPERINTENDENT; and THE | ) |
| ATTORNEY GENERAL OF THE | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA, | ) |
| | ) |
| Respondents. | ) |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed pre-service as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

### II. **REPORT**

In this action, Petitioner, Robert Mickens, a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 wherein he challenges his conviction of first degree murder and sentence of life imprisonment. For the reasons that follow, this Court must dismiss the Petition as it is without subject matter jurisdiction to review it.

1

## A. Rules Governing Habeas Corpus Cases under Section 2254

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). Rule 4 provides, in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may take judicial notice of state court records and/or state court opinions as well as its own court records. *See, e.g.,* Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998). *Cf.* Normand v. McAninch, 210 F.3d 372 (Table), 2000 WL 377348, *1 n.1 (6th Cir. 2000) ("Although Petitioner did not introduce the docket sheet as evidence, we note that we may take judicial notice of proceedings in other courts of record."); Bass v. Butler, 258 F.3d 176, 179 (3d Cir. 2001).

## B. Relevant Procedural History

On May 11, 1995, following a jury trial held in the Court of Common Pleas in Allegheny County, Petitioner was found guilty of First Degree Murder, Criminal Conspiracy, and Violation

2

of the Uniform Firearms Act. On May 15, 1995, Petitioner was sentenced to the mandatory life sentence without parole for the First Degree Murder conviction; he received no further penalties for the remaining convictions. Petitioner filed a timely appeal and on May 14, 1997, the trial court issued its opinion denying the merits of Petitioner's points on appeal. The Superior Court affirmed the decision of the trial court on July 2, 1998. Petitioner did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania.

On January 4, 1999, Petitioner, filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541-9546. On April 26, 2000, Petitioner, through appointed counsel, filed an amended PCRA petition. On October 10, 2000, the PCRA Court dismissed Petitioner's PCRA petition. Petitioner filed a timely notice of appeal and on October 30, 2001 the Superior Court affirmed the decision of the PCRA Court dismissing Petitioner's PCRA petition. Petitioner's Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on March 28, 2002.

On June 13, 2002, Petitioner filed a Petition for Writ of Habeas Corpus in this Court (docketed at Mickens v. Johnson, No. 02-1064 (W.D. Pa), wherein he attacked his 1995 homicide conviction. On December 1, 2003, United States District Judge Arthur J. Schwab entered an Order denying the Petition on the merits and denying a certificate of appealability. On December 15, 2003, Petitioner filed a Notice of Appeal and an Application for Certificate of Appealability in the United States Court of Appeals for the Third Circuit, which was docketed at Civil No. 03-4771. On July 13, 2004, the Court of Appeals for the Third Circuit issued an Order denying Petitioner's request for a certificate of appealability.

3

On August 18, 2006, Petitioner filed a second PCRA Petition alleging after-discovered evidence of prosecutorial misconduct. On December 27, 2006, the PCRA Court dismissed his second PCRA Petition without a hearing. On December 27, 2007, the Superior Court of Pennsylvania affirmed the decision of the PCRA Court dismissing Petitioner's PCRA petition. Petitioner's Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on June 11, 2008.

On July 8, 2008, Petitioner filed another Petition for Writ of Habeas Corpus in this Court, which was docketed at Civil Action No. 08-950. On August 21, 2008, Magistrate Judge Amy Reynolds Hay issued a Report and Recommendation recommending that the Petition be dismissed *sua sponte* as a second or successive petition. On September 17, 2008, District Judge Arthur J. Schwab filed a Memorandum Order, which dismissed the petition as a successive petition. On October 24, 2008, Petitioner filed a Notice of Appeal and Application for Certificate of Appealability in the United States Court of Appeals for the Third Circuit, which was docketed at Civil No. 08-4009. On October 22, 2008, the Court of Appeals for the Third Circuit denied the request for a certificate of appealability holding as follows.

The foregoing application under 18 U.S.C. § 2244 to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 is denied. Mickens has failed to meet the § 2244 standard for authorization to file a second or successive petition. Mickens has made no "prima facie showing" that his proposed § 2254 petition would rely on a "new rule of constitutional law." See 28 U.S.C. § 2244(b)(2)(A) and (b)(3)(C). Indeed, Mickens asserts claims that have been previously rejected by this Court. Further, neither of his claims is based on a Factual predicate that (1) "could not have been discovered previously through the exercise of due diligence"; and (2) "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244 (b)(l)(B)(t-il), and (b)(l)(C).

4

## C. Second and Successive Habeas Petitions

On July 25, 2012, Petitioner filed his current Petition for Writ of Habeas Corpus in this Court. In the instant petition, Petitioner is attacking the same conviction that he attacked in his previous petitions. Because this Court determined that Petitioner's claims regarding his first degree murder conviction were without merit, his current Petition is a "successive" petition, which is subject to the certification requirements set forth in 28 U.S.C. § 2244(b)(3), which provides as follows.

- (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

- (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

- (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

- (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

- (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Having decided that Petitioner's current motion should be treated as a second § 2254 petition, it must be dismissed as this Court does not have subject matter jurisdiction. *See* Burton v. Stewart,549 U.S.147 (2007) (holding that the District Court did not have jurisdiction to

entertain a successive petition because the court of appeals had not authorized the petitioner to file a successive habeas petition under 28 U.S.C. § 2244(b)).

## D. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that this is a successive Petition. Accordingly, there is no basis upon which to issue a certificate of appealability.

## III.  CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as a successive 2254 petition for which the Petitioner has not

6

demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

In accordance with the applicable provisions of the Magistrate Judges Act and the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Cynthia Reed Eddy
United States Magistrate Judge

Dated: July 31, 2012

Robert Mickens
CT-7015
SCI Albion
10745 Route 18
Albion, PA 16475-0002

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MICKENS,                      )
                                     )
                Petitioner,          )
                                     )
        vs.                          )        Case No. 2:12-cv-1039
                                     )
MICHAEL W. HARLOW;                   )        District Judge Mark R. Hornak
SUPERINTENDENT; and THE              )
ATTORNEY  GENERAL OF THE             )
COMMONWEALTH OF                      )
PENNSYLVANIA,                        )
                                     )
                Respondents.         )

## MEMORANDUM ORDER

On July 25, 2012, the above captioned case was initiated by the filing of a Motion for

Leave to Proceed *in forma pauperis* accompanied by a Petition for Writ of Habeas Corpus (ECF

No. 1) and was referred to a united states magistrate judge for pretrial proceedings in accordance

with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for

Magistrate Judges.

The magistrate judge filed a Report and Recommendation on July 31, 2012 (ECF No. 4)

recommending that the Petition for Writ of Habeas Corpus be dismissed pre-service as a

successive 2254 petition for which the Petitioner has not demonstrated the necessary certification

from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).  On

August 6, 2012, Petitioner filed a Supplement, which the Court will construe as objections to the

Report and Recommendation.  Petitioner's objections do not undermine the recommendation of

the magistrate judge.

1

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this 30th day of August, 2012:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED** as a successive 2254 petition for which the Petitioner has not demonstrated the necessary certification from the Court of Appeals for the Third Circuit as required under 28 U.S.C. § 2244(b)(3).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 4) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

Mark R. Hornak
United States District Judge

Robert Mickens
CT-7015
SCI Albion
10745 Route 18
Albion, PA 16475-0002

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT MICKENS, )
)
Petitioner, )
)            Civil No. 2: 08-00950
vs. )            Civil No. 2: 12-01039
)
MICHAEL W. HARLOW; )            Judge Mark R. Hornak
SUPERINTENDENT; and THE )
ATTORNEY  GENERAL OF THE )
COMMONWEALTH OF )
PENNSYLVANIA, )
)
Respondents. )

## ORDER DENYING PETITIONER'S
## "FED.R.CIV.P. 60(b)(2)(3)(d) MOTION FROM A JUDGEMENT OR ORDER"

**AND NOW**, this 28th day of April, 2017, the Court construing the Motion as a second or successive petition, it is **ORDERED** that, because Petitioner has not demonstrated that the Court of Appeals for the Third Circuit has authorized him to file a second or successive habeas petition under 28 U.S.C. § 22$^d$4(b), the motion is **DISMISSED** as this Court does not have subject matter jurisdiction to adjudicate an unauthorized successive petition.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), if Petitioner wishes to challenge this Order he must file a notice of appeal. The notice of appeal must be filed within the time prescribed by Federal Rule of Appellate Procedure 4(a), measured from the date of entry of this Order.

Mark R. Hornak
United States District Judge

1

cc:    Robert Mickens
        CT-7015
        SCI Albion
        10745 Route 18
        Albion, PA 16475-0002
        (via Certified and First Class Mail)

2